IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-49-FL-1
NO. 7:20-CV-110-FL

| | |
|---|---|
| JASON BATTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 109, 114, 117) and respondent's motion to dismiss (DE 121). Petitioner responded in opposition to the motion to dismiss and in this posture the issues raised are ripe for ruling.

## BACKGROUND

By way of superseding indictment filed July 15, 2014, petitioner was charged with possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g) (count one); and possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On March 11, 2015, petitioner pleaded guilty to count one without a plea agreement, and not guilty to count two. On August 18, 2015, a jury convicted petitioner of count two. The court sentenced petitioner to 120 months' imprisonment on count one, and a concurrent term of 169 months' imprisonment on count two on November 4, 2015.

Petitioner noticed direct appeal of his judgment of conviction, and the United States Court of Appeals for the Fourth Circuit affirmed on September 16, 2016.

Petitioner filed the instant motion to vacate on June 18, 2020, alleging that his § 922(g) conviction should be vacated based on Rehaif v. United States, 139 S. Ct. 2191 (2019). He filed pro se addendum on August 26, 2020, asserting numerous additional challenges to his conviction and sentence. On September 22, 2021, respondent filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was briefed fully.

## COURT'S DISCUSSION

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The court begins with petitioner's claim that his guilty plea and conviction are constitutionally infirm under Rehaif. In Rehaif, the Supreme Court held that in order to obtain a conviction for unlawful possession of a firearm under 18 U.S.C. § 922(g), the government must prove that the defendant knowingly possessed the firearm, and "knew he belonged to the relevant category of persons barred from possessing a firearm [here, those with a prior felony conviction]." 139 S. Ct. at 2200. Rehaif abrogated longstanding precedent holding that the defendant's knowledge of his prohibited status was not a required element of a § 922(g) conviction. See, e.g., United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc), abrogated by Rehaif, 139 S. Ct. at 2191.

Respondent raises the defense of procedural default. Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. Massarro v. United States, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and actual prejudice" or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted); United States v. Mikalajunas, 186 F.3d 490, 492–93 (1999). The court may proceed directly to the prejudice inquiry without first considering whether petitioner has shown cause for the default. United States v. Frady, 456 U.S. 152, 167 (1982). To establish prejudice sufficient to excuse procedural default in this context, the petitioner must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

3

In the context of a guilty plea, the petitioner bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner did not raise his Rehaif claim during the underlying criminal proceedings or on direct appeal, and he cannot establish prejudice to excuse his procedural default. Petitioner admitted at his arraignment that he had been convicted of a crime punishable by a term of imprisonment exceeding one year. (DE 42 at 19, 22). Moreover, petitioner's presentence investigation report establishes he served more than one year imprisonment for being a felon in possession of a firearm. (DE 82 ¶ 19; see also id. ¶ 23 (additional felony conviction for which he was sentenced to 9 to 20 months' custody, suspended)). As the Supreme Court recently explained in an analogous context:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [United States v. Gary,] 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Greer v. United States, 141 S. Ct. 2090, 2097 (2021). Where petitioner fails to establish a reasonable probability that he would not have pleaded guilty, petitioner cannot demonstrate prejudice sufficient to overcome his procedural default. See Dominguez Benitez, 542 U.S. at 76;

4

Satcher, 126 F.3d at 572. And for the same reasons set forth above, petitioner has not established actual innocence of his convictions. See Richardson v. Kornegay, 3 F.4th 687, 701 n.8 (4th Cir. 2021). Petitioner's Rehaif claim therefore is procedurally defaulted, and he has not established grounds for excusing the default.

Petitioner raises a number of additional challenges to his conviction and sentence in his August 26, 2020, pro se "addendum" to the motion to vacate. (See DE 117). These claims are without merit and subject to summary dismissal. Nickerson v. Lee, 971 F.2d 1126, 1136 (4th Cir. 1992), overruled on other grounds by Yeatts v. Angelone, 166 F.3d 255 (1996); Rules Governing Section 2255 Proceedings, Rule 4. Petitioner's special assessments are valid and did not contravene double jeopardy principles where he was convicted of two separate felony offenses. See 18 U.S.C. § 3013(a); United States v. King, 824 F.3d 313, 316–17 (4th Cir. 1987). The government is not required in the indictment to cite to the penalty provisions for petitioner's offenses or provide specific details about the firearm defendant possessed or his prior felony conviction. See United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999) (discussing substantive requirements of an indictment). Petitioner's argument that count one should be vacated because his civil rights were restored under North Carolina law and state officials failed to inform him he was prohibited from possessing firearms under federal law are without merit where "ignorance of the statutory prohibition [on possessing firearms] is not a defense" to a § 922(g) charge. See United States v. Moody, 2 F.4th 180, 198 (4th Cir. 2021). Petitioner's sentence on count two was less than the unenhanced statutory maximum in 21 U.S.C. § 841(a)(1)(C), and therefore his sentence was not illegally enhanced under any provision in Title 21. To the extent petitioner

5

challenges his advisory Guidelines enhancements, such claims are not cognizable in a § 2255 petition. See United States v. Foote, 784 F.3d 931, 940–43 (4th Cir. 2015). Nor is the court prohibited from imposing separate sentences for each of petitioner's convictions. See 18 U.S.C. §§ 3581(a), 3584(a). Petitioner also fails to establish that his federal prosecution violated principles of state sovereignty. See Gamble v. United States, 139 S. Ct. 1960, 1968–69 (2019). Finally, petitioner's claims that respondent violated the Interstate Agreement on Detainers when prosecuting him is wholly conclusory. See Jones v. Polk, 401 F.3d 257, 269–70 (4th Cir. 2005) (conclusory habeas claims are subject to summary dismissal); Nickerson, 971 F.2d at 1136 (same). Accordingly, the claims in petitioner's pro se addendum (DE 117) are dismissed pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, petitioner's motion to vacate (DE 109, 114, 117) is DENIED, respondent's motion to dismiss (DE 121) is GRANTED, and a certificate of appealability is

6

DENIED. The clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 25th day of January, 2022.

                                                          _/s/ Louise W. Flanagan_
                                                    LOUISE W. FLANAGAN
                                                    United States District Judge